Kirkpatrick, C. J.
— Said that it had been decided in this court, that the justice’s court had not jurisdiction of this action; and he thought rightly. That the title of land came in question, even on the plea, of not guilty; and therefore by the express words of the act, constituting courts for the trial of small causes, the justices were excluded from the jurisdiction of these actions; and, therefore, was for a reversal of the judgment.
Rossell, J.
— Was of opinion that the act did not shut out the jurisdiction of the justice in this case; and, therefore, was of opinion, that the judgment ought to be affirmed.
Pennington, J.
— The action below was an action of trespass quare clausum fregit, plea of not guilty — trial by the justice without jury, and judgment for plaintiff. The question is, had the justice jurisdiction of the cause? The first section of the act constituting courts for the trial of small causes, giving a general cognizance to justices of the peace, in all causes not exceeding sixty dollars, excepts, among others, “ any [*] action wherein the title of the land, tenements, hereditaments, or other real estate, shall or may in any wise come in question.” As the title of land may, in an action of trespass quare clausum fregit, in certain cases, come in question, I should incline to [251] think, in case this section stood alone, that the justice’s courts were shut out of the jurisdiction of the cause. But then what is to become of the 30th, 31st, and 32d sections of the same act, providing expressly for a plea of title to real estate; not, however, giving jurisdiction to the justices to try the title to real estate, but to authorize the defendant to stay the proceedings before the justice, by putting in such a plea, and giving bond to appear to a suit to be instituted against him in the Supreme *326 Court by the plaintiff, and there abide by his plea of title— otherwise the justice to.proceed as if no plea had been offered. I cannot perceive to what action this plea of title to real estate is to apply, unless it is to an action for trespass on land. The action of replevin is excepted in express terms;' and it certainly is not pretended that the justices have jurisdiction of real or mixed actions. These three sections appear particularly adapted to meet the action of trespass on land, by enabling the defendant to oust the justice of a cognizance of the cause, by putting the title in issue. By considéring the intention of the Legislature to be, to give the justices jurisdiction of the action of trespass quare clausum fregit, except in cases where the title to real estate actually came in question, will at once reconcile the whole act. It is said, that the plea of not guilty puts the title in question, I doubt the correctness of this position; it appearing to me that the general issue only puts the possession, and not the title in issue; at all events, the plea of not guilty could not have been the plea contemplated by the Legislature in the three sections above mentioned, but a plea of justification, putting the title in issue, corresponding with the idea of Sir William Blackstone, in the 3d vol. of his Com. 241, where he says, that “ a man may also [*] justify in an action of trespass, on account of the freehold and right of entry being in himself,” and this defense brings the title of the estate in question.
I am, for the above reasons, of opinion, that' the justices have cognizance of the action of trespass on land, except in cases owbere the defendant thinks proper to oust them of jurisdiction, by an actual plea of title, accompanied with the requisites marked out in the three sections above mentioned.
Judgment affirmed.
Cited if Gregory v. Kanouse, 6 Halst. 62; Hill v. Carter, 1 Harr. 87.